**Rudolph Preston MELVIN, Petitioner-Appellee,**

v.

**UNITED STATES of America, Respondent-Appellant.**

**No. 13873.**

United States Court of Appeals Seventh Circuit.

May 2, 1963.

E. Lamar Sledge, Dept. of Justice, Washington, D. C., Edward R. Phelps, U. S. Atty., Springfield, Ill., Richard E. Eagleton, Asst. U. S. Atty., Peoria, Ill., for appellant.

Robert L. Bombaugh, Chicago, Ill., Rudolph Preston Melvin, pro se, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner, Rudolph Preston Melvin, filed his motion to proceed in forma pauperis in the United States District Court under authority of Title 28 U.S.C. § 2255, to vacate judgment and sentence imposed on him in a prior criminal action. Petitioner had pleaded guilty to a Criminal Information which, in substance, read:

"That on or about the 21st day of January, 1961, in the City of Moline, County of Rock Island, State of Illinois and within the jurisdiction of this Court, Rudolph Preston Melvin did, with unlawful and fraudulent intent, cause to be transported in interstate commerce, that is to

say, from the City of Moline, State of Illinois, to Tampa, State of Florida, a falsely made and counterfeited security, to wit: a check in the amount of $25.00, payable to Walt Disner, signed by said Rudolph Preston Melvin, on the Florida National Bank, a non-existent bank, Tampa, Florida, knowing same to have been falsely made, in violation of Section 2314, Title 18, United States Code."

Petitioner was sentenced to three years imprisonment and was committed to the custody of the Attorney General on February 7, 1961.

It was petitioner's contention that the Criminal Information to which he had pleaded guilty did not charge a federal offense.

District Judge Mercer properly confined his inquiry in this matter to the four corners of the Criminal Information, distinguishing this case from that of Clark v. United States, 6 Cir., 1959, 273 F.2d 68, where a federal offense was charged in the indictment to which Roy Vester Clark, Jr. had pleaded guilty, thus precluding him from adducing evidence in a § 2255 proceeding to show that the check in question was drawn by him on a non-existent bank.

In his closely reasoned opinion, Judge Mercer examined the cases construing § 2314 and concluded that to establish a violation of § 2314 the falsity must affect the making of the security and not merely representations of fact contained therein. Edge v. United States, 5 Cir., 1959, 270 F.2d 837, 838; United States v. Brown, 2 Cir., 1957, 246 F.2d 541, 542; Marteney v. United States, 10 Cir., 1954, 216 F.2d 760, 763; Greathouse v. United States, 4 Cir., 1948, 170 F.2d 512, 514. He took note of the line of cases holding that interstate transportation of a fraudulent, or insufficient funds check, in which the offender has signed his own name to a check drawn on a bank in which he has no money, does not constitute an offense under § 2314. United States v. Brown, supra; Marteney v. United States, supra; Greathouse. v. United States, supra; Wright v. United States, 9 Cir., 1949, 172 F.2d 310; Martyn v. United States, 8 Cir., 1949, 176 F. 2d 609.

As Judge Mercer states in his opinion: "Such a check is precisely what it purports on its face to be, with falsity entering the picture only in the implied representation that the maker has moneys on deposit from which the check would be paid. * * *

"In the cited cases the check was drawn against a fictitious deposit. In the present case, petitioner compounded that misrepresentation by drawing the check upon a fictitious deposit in a fictitious bank. Each of those representations is merely a false statement of fact. In reason and logic, no distinction can be drawn because of the fact that petitioner misrepresented, not one, but two factual statements made or inferred upon the face of the instrument."

We are in full agreement with the District Judge that:

"The acts alleged in the information undoubtedly charge a violation of state law, but I am convinced that such acts do not constitute a violation of Section 2314. The plea of guilty was therefore a nullity, and the court was without jurisdiction to enter judgment and impose sentence."

His judgment vacating the prior judgment and sentence and ordering the prisoner released from custody must be affirmed.

This Court wishes to express its great appreciation of the fine service rendered by Mr. Robert L. Bombaugh, of the Illinois bar, who represented petitioner-appellee in this Court as Court-appointed counsel.

Affirmed.