**UNITED STATES of America,**
**Appellee,**

**v.**

**Darris WHITE, Appellant.**

**No. 71–1223.**

United States Court of Appeals,
Eighth Circuit.

Dec. 8, 1971.

Roy D. Hurst, Lloyd Daniels and Richard E. Deeth, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., Russell Iungerich, Jack K. Weber, Deputy Attys. Gen., Los Angeles, Cal., for defendant-appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

**352**

---

James M. Reed, Jr., Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, District Judge.

PER CURIAM.

The defendant was convicted of violating 18 U.S.C. §§ 2 and 2113(a) and (d). He contends on appeal that the evidence was not sufficient to sustain his conviction and that the trial court abused its discretion in permitting an overly broad cross-examination of a defense witness who testified that the defendant had not participated in the robbery.

We conclude from a careful examination of the record that there is no merit to either of the defendant's contentions. If the jury believed the government's witnesses and disbelieved those of the defendant, there was clearly sufficient evidence to convict. The question was thus one of credibility to be determined by the jury. United States v. May, 419 F.2d 553 (8th Cir. 1969).

The cross-examination by the government of the defendant's principal witness was broad and searching, but it did not exceed the bounds of propriety. See, McManaman v. United States, 327 F.2d 21 (10th Cir.), cert. denied sub nom. Jenkins v. United States, 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307 (1964); Bass v. United States, 326 F.2d 884 (8th Cir.), cert. denied, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964).

Judgment affirmed.