**UNITED STATES of America, Appellee,**

v.

**Donald Lee SMITH, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**James Lloyd McBRIDE, Appellant.**

**Nos. 71–1592, 71–1609.**

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1972.

Decided July 11, 1972.

James M. Martin, St. Louis, Mo., for appellants.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Defendants Smith and McBride were jointly tried and convicted of entering a federally insured institution with intent to commit larceny. The evidence showed that they burglarized the Cass Federal Savings & Loan Association in St. Louis, Missouri.

---

The government produced only two witnesses: Arthur Shelton, a co-participant in the burglary, and Thomas M. Urban, an officer of the savings and loan. The convictions depended totally on Shelton's testimony.

The defendants contend (1) that the court should have given a cautionary instruction on the testimony of an informer, and (2) that Shelton's testimony was so incredible as to be insufficient to sustain the convictions. These contentions are totally devoid of merit.

■ The defendants state that the court should have instructed the jury on the testimony of an informant, because Shelton had been "bought off" by the prosecution, by having certain charges dismissed. This argument is frivolous. There is no proof in the record of why these matters were disposed of as they were, and no showing of a link between Shelton's testimony and the alleged "payoff". The trial court amply protected the defendants by giving an instruction on the testimony of an accomplice.

■ It is clear that a conviction may rest upon the uncorroborated testimony of an accomplice. Hanger v. United States, 398 F.2d 91 (8th Cir. 1968); Wood v. United States, 361 F.2d 802 (8th Cir.), cert. denied, 385 U.S. 978, 87 S.Ct. 520, 17 L.Ed.2d 439 (1966); Williams v. United States, 328 F.2d 256 (8th Cir.), cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964). Attempts to impeach Shelton on cross-examination failed. Furthermore, the defendants' allegations that Shelton had been "bought off" and his answer to those allegations were fully aired before the jury. If the jury believed Shelton, his testimony was sufficient to sustain the convictions. See, United States v. Mechanic, 454 F.2d 849 (8th Cir. 1971), cert. denied, 406 U.S. 929, 92 S.Ct. 1765, 32 L.Ed.2d 131 (1972); United States v. White, 451 F.2d 351 (8th Cir. 1971).

The convictions are affirmed.