**UNITED STATES of America,**
**Appellee,**

v.

**James Alfred DUNN and William**
**Carl Post, Appellants.**

**Nos. 73-1868, 73-1900.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1974.

Decided April 18, 1974.

Jack W. Meyer, Lincoln, Neb., on brief, for appellant in No. 73–1868.

Douglas L. Kluender, Lincoln, Neb., on brief, for appellant in No. 73–1900.

William K. Schaphorst, U. S. Atty., and Daniel E. Wherry, Asst. U. S. Atty., Lincoln, Neb., on brief for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

### PER CURIAM.

Count I of an indictment charged that on or about August 15, 1973, William Carl Post, who was in the lawful custody of the United States Marshal for the District of Nebraska, did unlawfully and willfully attempt to escape from such custody in violation of 18 U.S.C. § 751 (a). Count II of the same indictment charged that from on or about July 15, 1973, to the date of the filing of the indictment (September 21, 1973) Post and James Alfred Dunn entered into a conspiracy with David Kennell and his wife, Beverly Kennell, (not named as defendants) to assist Post in attempting to escapse from the custody of the United States Marshal as alleged in Count I. Numerous overt acts were delineated in support of the conspiracy.

Upon motion, a severance was granted and in separate trials Post was convicted of the substantive offense of attempting to escape from custody and both Post and Dunn were convicted of the conspiracy. These appeals are from the ensuing judgments of conviction.

No. 73–1900—APPEAL OF POST

The following essential facts stand undisputed.

1. On August 15, 1973, Post was a federal prisoner at the Lincoln, Nebraska, jail on a charge of bank robbery;

2. That on or about that date he participated in cutting away a "grate" over an air conditioning shaft in the cell in which he was confined. The only factual dispute concerned the reason for the cutting activity. Post endeavored without success to convince the jury that the hole had been made to provide a means of smuggling narcotics into the cell. The government contended and offered evidence to support its position that a scheme had been devised to enable Post and others to escape custody. It is not our function to interfere with the jury's evaluation of the evidence and accordingly, we hold that the case was properly submitted to the jury. Indeed, Post concedes in his brief that there was evidence of acts which appear on their face to be an attempt to escape and evidence of a conspiracy, but contends that his explanation was a reasonable alternative one and would have warranted the jury in finding him not guilty.

With respect to the conspiracy conviction we are convinced beyond doubt that the government by strong evidence proved that Post and Dunn had entered into a conspiracy which would enable Post to make an attempt to escape from custody. A key witness to the conspiracy count was David Kennell, who had also been charged with an offense. But, aside from his testimony, there was other evidence which corroborated his testimony and which was germane to the conspiracy.

No. 73–1868—APPEAL OF DUNN

Dunn, who admitted at least five prior felony convictions, mounts another attack upon his conviction. He submits that the government's case rested almost exclusively upon the testimony of co-conspirator, David W. Kennell. Dunn recognizes that the uncorroborated testimo-

**1282**

ny of an accomplice is sufficient to sustain a conviction if the testimony is not otherwise incredible or unsubstantial on its face. United States v. Smith, 464 F.2d 221 (8th Cir. 1972); Hanger v. United States, 398 F.2d 91 (8th Cir. 1968); Wood v. United States, 361 F.2d 802 (8th Cir.), cert. denied, 385 U.S. 978, 87 S.Ct. 520, 17 L.Ed.2d 439 (1966); Williams v. United States, 328 F. 2d 256 (8th Cir.), cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964). He nevertheless invites us to re-examine and modify the rule. We find no support in this record to justify, much less require, reconsideration of the principle. There was corroborating and incriminating evidence which clearly pointed to the conspiracy. The instructions to the jury submitted all of the essential elements of the offense, including a proper charge on the credibility of witnesses. No exceptions were taken to any part of the court's instructions. The record has been carefully considered and we have no difficulty in sustaining Judge Urbom's submission of the conspiracy count to the jury.

The judgments are affirmed.