**UNITED STATES of America, Appellee,**

v.

**Donald Lee SMITH, Appellant.**

**No. 76–1150.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 21, 1976.

Decided July 29, 1976.

Donald Lee Smith, pro se.

J. Stohr (former U. S. Atty.), and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Donald Lee Smith appeals from the district court's[1] denial, without a hearing of his section 2255 motion in which he charged the government with knowingly using false testimony and suppressing exculpatory evidence. We affirm.

On October 5, 1971, appellant was convicted of robbing the Cass Federal Savings and Loan Association in St. Louis, Missouri, in violation of 18 U.S.C. § 2113(a). He was sentenced to 20 years imprisonment. His conviction was affirmed on direct appeal. *United States v. Smith*, 464 F.2d 221 (8th Cir. 1972). In a separate trial shortly thereafter, he was convicted of robbing the Washington Federal Savings and Loan Association. This conviction also was affirmed. *United States v. Smith*, 464 F.2d 222 (8th Cir. 1972).[2]

On October 24, 1975, Smith filed in the district court the instant section 2255 motion. In the motion he alleged that at the first trial Arthur Shelton, his accomplice in both robberies and a key prosecution witness at both trials, had falsely testified that the government had made no deals with him. He attached exhibits showing that charges against Shelton relating to the Washington Federal robbery, which had been filed before appellant's trials, were dropped shortly after the conclusion of those trials. Appellant contended that these exhibits, combined with the testimony of the officials involved, would show that Shelton had perjured himself when he said that the government had made no bargains with him. Appellant also asserted that the government had knowingly withheld exculpatory material. He moved to vacate both convictions.

The district court assigned the case for review and recommendation to a United States magistrate. The magistrate recommended that the motion be denied because the matters presented had been decided adversely to appellant on direct appeal. The district court denied relief, without opinion. This appeal followed.

Inasmuch as the current motion includes the Washington Federal robbery charge which apparently was not included in "certain charges dismissed" mentioned in the previous appeal,[3] we pretermit the contention that the matters now presented have already been decided against appellant on direct appeal.

Appellant asserts that Shelton testified that "the government had made no deals with him," that this testimony was false,

---

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

2. Additional post-conviction motions have been filed by appellant, i. e., motion to correct an illegal sentence in both cases filed December 12, 1972, denied by Judge Meredith December 15, 1972, and by Judge Webster on March 30, 1973. Another motion filed June 25, 1974, was dismissed September 17, 1974.

3. *See United States v. Smith, supra*, 464 F.2d at 222.

and that the prosecution knew it was false. If these allegations were true, they might indeed entitle appellant to relief. See *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *De Marco v. United States*, 415 U.S. 449, 94 S.Ct. 1185, 39 L.Ed.2d 501 (1974).

The problem with appellant's position is that the statement he attributes to Shelton was never made by him. At one point in the Cass Federal trial Shelton did admit that several specific charges against him had been dropped. At no time, however, did he discuss deals or deny that any deals had been made.

■ Without false testimony, there can be no *Napue* claim. The testimony alleged to be false in the instant case never occurred. Appellant's *Napue* claim thus is clearly without merit.

Appellant also asserts that the government denied due process by suppressing exculpatory evidence, in violation of the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He apparently is contending that evidence of the supposed deal between Shelton and the government relating to the Washington Federal charges was *Brady* material, and that its nondisclosure so impeded his defense at both trials as to deny due process.

■ One who seeks to make out a *Brady* claim must show three things: the suppression of evidence, the evidence's favorable character to the accused, and the evidence's materiality. *Moore v. Illinois*, 408 U.S. 786, 794–95, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); *Evans v. Janing*, 489 F.2d 470, 475 (8th Cir. 1973); *Ogden v. Wolff*, 522 F.2d 816, 820 (8th Cir. 1975), *petition for cert. filed,* —— U.S. ——, 96 S.Ct. 3198, 48 L.Ed.2d ——, (1975); *United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976).

We conclude that appellant is not entitled to a hearing on his *Brady* claim because the record conclusively shows that he could not establish the third element of such a claim, the materiality of the evidence allegedly suppressed. *United States v. Agurs,* —— U.S. ——, 96 S.Ct. 2392, 49 L.Ed.2d 342, (1976); *United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976).

■ Evidence of the supposed bargain could be used only to impeach Shelton's testimony. The test for materiality is whether it could have been used by skilled counsel to develop "a reasonable doubt [of guilt] in the minds of enough jurors to avoid a conviction." *United States v. Crow Dog, supra*, 532 F.2d at 1191. It is obvious that the evidence here could not have been used to create a reasonable doubt at either trial.

At both trials, appellant's counsel made thorough attempts to impeach Shelton's testimony. At the Cass Federal trial, counsel brought out the fact that Shelton had several prior convictions. He elicited testimony that certain charges against Shelton (including a narcotics charge and a charge of assaulting a police officer) had been dropped. He showed that charges in a Carbondale bank robbery had been brought against Shelton's companions, but not against Shelton. Counsel also took the stand and testified that, in his presence, Shelton had once threatened to kill appellant's co-defendant.

At the Washington Federal trial appellant's counsel attempted similar impeachment tactics. Indeed, as we said on appeal, "The record is otherwise replete with derogatory information about Shelton and it is highly doubtful that his credibility could have been more seriously undermined that it was." *United States v. Smith*, 464 F.2d 222, 224 (8th Cir. 1972).

■ Despite this wealth of impeachment material at both trials, both juries credited Shelton's testimony and found appellant guilty. We fail to see how evidence of the dropping of one more set of charges could have affected this result. We conclude that the evidence allegedly suppressed could not have been used to create a reasonable doubt in the jury's mind, and that materiality, an essential element of a *Brady* claim, is therefore necessarily absent.

Appellant cannot show a denial of due process, either under *Napue v. Illinois, supra,* or *Brady v. Maryland, supra.*

Affirmed.