UNITED STATES of America, Appellee,

v.

Robert Edward LIPSCOMB, Appellant.

No. 76–1566.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 23, 1976.

Decided Dec. 20, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 11, 1977.

Robert E. Lipscomb, pro se.

W. H. Dillahunty, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Appellant Lipscomb appeals pro se from his jury conviction on two counts of causing to be transported in interstate commerce a falsely made security in violation of 18 U.S.C. § 2314. We affirm the conviction.

Appellant Lipscomb alleges more than 20 errors, of which two are worthy of note.[1] The first issue concerns the definition of a "falsely made security" within the meaning of 18 U.S.C. § 2314. The second issue concerns the sufficiency of the government's evidence.

Appellant contends that an instrument drawn on a nonexistent drawee is not a "falsely made security" within the meaning of 18 U.S.C. § 2314. *See Melvin v. United States*, 316 F.2d 647 (7th Cir. 1963). However, in *Pines v. United States*, 123 F.2d 825 (8th Cir. 1941), this circuit held that a traveler's check drawn on a fictitious bank was a "falsely made security." Therefore, appellant's contention on this issue is controlled by *Pines*. We are not persuaded to overrule this court's position stated in that case. Accordingly, appellant's first contention is denied.

As to the second issue, appellant contends the government's evidence was insufficient to prove the nonexistence of the drawee. At the outset, we note that the credibility of the witnesses is a question to be determined by the jury. *United States v. White*, 451 F.2d 351 (8th Cir. 1971). This court must view the evidence, and inferences to be drawn therefrom, in the light most favorable to the government. *United States v. Fryer*, 419 F.2d 1346, 1349 (8th Cir. 1969).

Throughout the trial appellant contended that the two instruments in question

---

1. The other alleged errors have been examined. We find they are without merit.

were promissory notes. However, the record reveals sufficient evidence for the jury to conclude they were given by Lipscomb and accepted by Nash American and James D X Travel Mart as traveler's checks. Because of the hybrid nature of these instruments it is difficult to establish the identity of the drawee. The jury could have concluded that the "United America Bankers Trust & Exchange, 2692 Apartado, Monterrey, Mexico," and the "United America Express Bankers Trust & Exchange, Post Office Box 4415, Vancouver, Canada, V6B328," were the drawees on the two instruments. In this light, the record reveals that the appellant admitted to an agent of the FBI that the United Bankers Trust & Exchange was a fictitious bank utilized by him. Furthermore, three letters were sent to the Vancouver address and were returned, stamped either as "Refused by Addressee" or "Addressee Unknown." The record also reveals that both the Vancouver instrument and the Monterrey instrument were placed into the normal banking channels. Both documents came back to the respective recipients (Nash American and James D X Travel Mart) as uncollected. The record further shows that the United America Bankers Trust & Exchange was not listed in *Polk's Bank Dictionary.* Viewing the totality of the evidence, and inferences to be drawn therefrom, in the light most favorable to the government, we conclude there was sufficient evidence to establish the nonexistence of the drawee.

Affirmed.