Tammy Lane HUEMMER, Appellant,

v.

MAYOR AND CITY COUNCIL OF OCEAN CITY and Kenneth Kidde and Irving J. McCabe t/a McCabe's BP Service Station, Appellees, (two cases).

Tammy Lane HUEMMER, Appellee,

v.

MAYOR AND CITY COUNCIL OF OCEAN CITY and Kenneth Kidde and Irving J. McCabe t/a McCabe's BP Service Station, Appellants.

Nos. 79–1680–79–1682.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1980.

Decided Oct. 9, 1980.

Peter Ayers Wimbrow, III, Ocean City, Md., for appellant.

Thomas Waxter, Jr., Baltimore, Md. (Bruce I. Rothschild, Robin West, Semmes, Bowen & Semmes, Baltimore, Md., Theodore R. Eschenburg, Berlin, Md., on brief), for appellees.

Before WINTER, MURNAGHAN and SPROUSE, Circuit Judges.

PER CURIAM:

Ocean City, Maryland by ordinance authorized "[a]ny property owner . . ., when a vehicle is illegally parked upon his private property [to] notify any authorized towing agency and request removal of said vehicle."[1] The plaintiff, after a squabble with a friend with whom she had been living, underwent the removal and impounding of her car by a private authorized towing agency.

■ The ordinance was manifestly defective, in that recovery of a removed vehicle was absolutely conditioned on payment of towing and storage charges. No opportunity was presented for notice and a hearing to establish whether or not the initial removal of the vehicle was rightful or wrongful. *See Stypmann v. City and County of San Francisco*, 557 F.2d 1338 (9th Cir. 1977). Plaintiff sued under 42 U.S.C. §§ 1983, 1985 and 1986.

■ As to all individuals who were joined as defendants, other than the towing operator, dismissal of the case against them was not appealed and so does not concern us. The towing operator, McCabe, was granted summary judgment, on the grounds that, while his activity may have been state action, it was limited to the towing, which was constitutionally permissible, and unrelated to the failure to afford notice and a hearing, the pertinent constitutional defect.[2] In all events, we are satisfied that McCabe had no occasion to doubt the validity of a law regularly adopted by Ocean City, and never called into question prior to the time of the towing with which we are concerned. *See Sebastian v. United States*, 531 F.2d 900, 903–4 (8th Cir. 1976), *cert. denied*, 429 U.S. 856, 97 S.Ct. 153, 50 L.Ed.2d 133 (1976). *See also Hevelone v. Thomas*, 423 F.Supp. 7, 9–10 (D.Neb.1976), *affirmed*, 546 F.2d 787 (8th Cir. 1976).

■ The City, too, was granted summary judgment in its favor on the grounds of a good faith defense—*i. e.* reliance on an apparently regular ordinance whose constitutionality had never been questioned. Those grounds, however, dissolved as a consequence of the closely divided decision in *Owen v. City of Independence, Missouri*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).[3] There it was held that municipal corporations sued, as here, in their official capacities, have no immunity, either absolute immunity or good–faith qualified immunity.[4]

---

1. Ocean City, Md., Code § 98–8 (1974).

2. *Cf. Watters v. Parrish*, 402 F.Supp. 696 (W.D. Va.1975).

3. The decision in *Owen* was 5–4, and came well after the district court's decision in the present case.

4. The Supreme Court's holding makes inappropriate any consideration of the question whether the city had a basis for contending it was acting in good faith since the ordinance had never previously been attacked, even though, from closely related cases, the unconstitutionality of the ordinance was evident.

■ Reversal and remand, therefore, are mandated insofar as the Mayor and City Council of Ocean City are concerned, so that damages may be assessed and awarded. We are satisfied that there was no abuse of discretion on the part of the district judge in denying a request for certification as a class action. The criteria are stringent, the discretion is broad, and plaintiff did little in the way of providing a factual basis which would sustain class action status.[5]

■ Finally, both parties have expressed dissatisfaction as to a $5,000 award to plaintiff of counsel fees and attendant costs. The City makes strong arguments that the plaintiff waited too long to request them. The plaintiff describes them as inadequate. Our order reversing the judgment as to the City also vacates the award of counsel fees. Thus the matter, on this appeal, is moot. Plaintiff will, of course, have the right to submit a timely application for an award of counsel fees relating to proceedings in the trial court to date, as well as to any subsequent proceedings.

*THE JUDGMENT IS REVERSED AND REMANDED AS TO THE MAYOR AND CITY COUNCIL OF OCEAN CITY; VACATED AS TO THE AWARD OF COUNSEL FEES; AND IN ALL OTHER RESPECTS AFFIRMED.*

---

**5.** *See generally Rex v. Owens ex rel. State of Oklahoma*, 585 F.2d 432, 435–36 (10th Cir. 1978); *Windham v. American Brands, Inc.*, 565 F.2d 59, 65 (4th Cir. 1977), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978); *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348–49 (4th Cir. 1976); *Chappelle v. Dupont DeNemours & Co.*, 75 F.R.D. 74, 76 (E.D.Va.1977).