**Robert Edward LIPSCOMB, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 84–2503.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 31, 1985.

Decided Feb. 28, 1985.

Robert Edward Lipscomb, pro se.

Fletcher Jackson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Robert Edward Lipscomb appeals the District Court's[1] denial of his "Delayed Petition in the Nature of a Writ of Error *Coram Nobis.*" On appeal Lipscomb alleges that his *Miranda* rights were violated, and that the conduct underlying his conviction was not illegal. Lipscomb has also filed a motion for remand, contending that the District Court erred in not holding a hearing on his motion. For the reasons outlined below, we affirm.

In 1976 Lipscomb was convicted of two counts of causing to be transported in interstate commerce a falsely made security, in violation of 18 U.S.C. § 2314. This Court affirmed the conviction in *United States v. Lipscomb*, 546 F.2d 787 (8th Cir. 1976) (per curiam), *cert. denied*, 430 U.S. 970, 97 S.Ct. 1655, 52 L.Ed.2d 362 (1977).

Although Lipscomb has completed the sentence he received for this conviction, he is still on federal parole. He is currently incarcerated for a state conviction. A previous petition for post-conviction relief was denied. *United States v. Lipscomb*, 718 F.2d 1106 (8th Cir.1983) (mem.).

Lipscomb contends that he was not advised of his *Miranda* rights when he was initially interrogated by F.B.I. agent Lawrence Wescott. However, the record reveals that Wescott did inform Lipscomb of all his *Miranda* rights. The District Court properly concluded that this claim was without merit.

Lipscomb also denies that he admitted to Agent Wescott that the drawee on his travel notes was a fictitious bank. Even assuming he had made this admission, Lipscomb argues that without corroboration this admission was insufficient to sustain his conviction under § 2314. We conclude that Lipscomb again failed to state a claim because, in affirming his conviction, this Court determined that this admission was not the only evidence of the nonexistence of the drawee bank. *Lipscomb, supra*, 546 F.2d at 787–88.

■ Lipscomb further claims that his conviction was invalid because the Attorney General and law-enforcement personnel in Michigan have recently concluded that travel notes similar to those issued by Lipscomb are legal drafts. The District Court properly concluded that the views of the Michigan Attorney General and law-enforcement personnel have no bearing on Lipscomb's conviction in light of this Court's previous determination that the notes were falsely made securities within the meaning of § 2314. *Id.* at 787.

■ In addition, Lipscomb contends that the United States and Canada conspired to entrap him in this offense by closing his Canadian post office box without his knowledge. The thrust of this argument is that these governments sought to prove that

1. The Hon. Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

the drawee on Lipscomb's travel notes was a fictitious bank by means of letters returned from his closed post office box. The allegation of an international conspiracy is completely conclusory. In any case, as we previously pointed out, 546 F.2d at 788, at least one letter came back marked "Refused by Addressee," which indicates that the box had not been closed at all at that point.

Finally we conclude that the District Court properly denied Lipscomb an evidentiary hearing into these matters. The District Court has the same powers in deciding whether to hold a hearing on a *coram nobis* petition as it has in § 2255 motions. *United States v. Taylor,* 648 F.2d 565, 573 n. 25 (9th Cir.), *cert. denied,* 454 U.S. 866, 102 S.Ct. 329, 70 L.Ed.2d 168 (1981). A hearing is not required where, as here, the record conclusively shows that the petitioner is entitled to no relief. *Cf. United States v. Lambros,* 614 F.2d 179, 181 (8th Cir.1980) (no hearing required on a § 2255 motion).

Affirmed.