417 A.2d 1203

**COMMONWEALTH of Pennsylvania**

v.

**Richard V. GILLIAM, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Jan. 4, 1980.

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

WIEAND, Judge:

Richard V. Gilliam was tried by a jury and convicted of a criminal attempt to escape[1] and possession of implements for escape.[2] On appeal, he argues that the convictions should be set aside (1) because the evidence was insufficient, and (2) because of delay in the argument of post-trial motions. We find no merit in these arguments and, accordingly, affirm the judgment of sentence.

In assessing the sufficiency of the evidence, we must view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth. *Commonwealth v. Williams*, 269 Pa.Super. 544, 410 A.2d 835 (1979).

On September 21, 1976, while appellant was incarcerated at Dallas State Correctional Institution, a guard discovered that the bars of the window in appellant's cell had been cut and were being held in place by sticks and paper. The condition of the bars was such that they could be removed manually at will. The same guard observed that a shelf hook was missing from its place in the cell. A subsequent search revealed visegrips concealed inside appellant's mattress and two knotted extension cords attached to a hook were found in a box of clothing. Appellant was arrested and charged with the offenses for which he has now been convicted.

1. 18 Pa.C.S. § 901 and 18 Pa.C.S. § 5121.

2. 18 Pa.C.S. § 5122.

At trial, evidence showed that the hook had been fashioned from the missing shelf hook. The visegrips were capable of cutting barbed wire of the type located along the top of the fence which was the sole barrier between appellant's cell window and the perimeter of the prison compound. Inspection of the cell immediately prior to the time when it was assigned to appellant as its sole occupant had disclosed bars intact and the shelf hooks in place.

Appellant's first argument is that the cutting of the cell bars was, at most, mere preparation and not an attempt to escape. He stresses that he was arrested in a place where he was authorized to be and contends that he could be guilty of attempt to escape only if he were apprehended while in the process of exiting the prison compound.

Prior to enactment of the Crimes Code[3], a criminal attempt was defined as "an overt act done in pursuance of an intent to do a specific thing, tending to the end by falling short of complete accomplishment of it. . . . So long as the acts are confined to preparation only, and can be abandoned before any transgression of the law or others' rights, they are within the sphere of intent and do not amount to attempts." *Commonwealth v. McCloskey*, 234 Pa.Super. 577, 580, 341 A.2d 500, 501 (1975) *quoting Commonwealth v. Eagan*, 190 Pa. 10, 21–22, 42 A. 374, 377 (1899).

With the adoption of the Crimes Code, however, the legislature devised a new test for attempt. Thus, in Section 901(a), 18 Pa.C.S. § 901(a), an attempt is defined as follows:

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."

See: *Commonwealth v. Howard*, 248 Pa.Super. 246, 375 A.2d 79 (1977). The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant

3. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 101 et seq.

has done and does not any longer focus on the acts remaining to be done before actual commission of the crime. See: Toll, Pennsylvania Crimes Code Annotated, 217 (1974); White, *The Inchoate Crimes Provisions of the New Pennsylvania Penal Code*, 35 Pitt.L.Rev. 235, 237–42 (1973).

■ Instantly, a jury could readily have found that appellant had taken a substantial step toward committing an escape. Not only did appellant manufacture and assemble the paraphernalia necessary to effectuate his escape, but he also sawed through the bars in his cell window. These acts, taken as a whole, constituted a substantial and necessary step toward escape. Under the standard established by the Crimes Code, it is of no consequence that appellant was not actually in the process of elopement when arrested. Compare: *United States v. Dunn*, 494 F.2d 1280 (8th Cir. 1974) *cert. denied* 419 U.S. 855, 95 S.Ct. 99, 42 L.Ed.2d 87; *People v. Stabler*, 202 Cal.App.2d 866, 21 Cal.Rptr. 122 (1962); *State v. Hatfield*, 66 Wash. 9, 118 P. 893 (1911). This evidence, coupled with evidence from which a jury could have found that appellant possessed the specific intent to escape, was sufficient to sustain the conviction of criminal attempt. See: *Commonwealth v. Howard*, supra; *Commonwealth v. Markle*, 245 Pa.Super. 108, 369 A.2d 317 (1976).

■ Appellant also argues that the evidence was insufficient to support a conviction for possessing implements of escape. The definition for this offense provides in pertinent part:

> (3) An inmate commits a misdemeanor of the second degree if he unlawfully procures, makes or otherwise provides himself with, or unlawfully has in his possession or *under his control*, any tool, implement or other thing which may be used for escape. (emphasis added) 18 Pa.C.S. § 5122(3).

If the Commonwealth's evidence is to be believed, the concealed visegrips-wirecutters and the lengths of extension

cord which were tied together, knotted at regular intervals and attached to a specially modified shelf hook, clearly constituted implements of escape under § 5122(3). They were found concealed in appellant's cell. Appellant, employing a theory of constructive possession, argues that because others may have had access to his cell, the Commonwealth failed to establish beyond a reasonable doubt that he had a conscious intent to control these items. The same argument was offered and rejected by this Court in *Commonwealth v. Crowley*, 259 Pa.Super. 204, 393 A.2d 789 (1978). There we held that under Section 5122(3) of the Crimes Code, the Commonwealth is not required to show "exclusive control" but can convict upon proof of "control". There, evidence that the defendant had been the sole occupant of his cell and that implements of escape had been found under his bed was held adequate to sustain a conviction. Similarly in the instant case, the evidence is sufficient to establish that the implements found in appellant's cell were under his control.

■ Appellant's final argument is that he was prejudiced by an eighteen month delay between the filing of post-trial motions and argument thereon. This contention is meritless. The delay was caused by the need for a transcript of the notes of testimony. Appellant concedes, as he must, that the trial judge promptly scheduled argument as soon as the trial transcript had been prepared. Moreover, appellant is unable to articulate any specific prejudice caused by such delay. Pennsylvania Rules of Criminal Procedure 1123(a), the rule upon which appellant bases his argument, mandates that argument on post-trial motions shall not be delayed for the lack of a trial transcript if the grounds asserted do not require a transcript. Instantly, however, the trial transcript was necessary to determine the issue of the sufficiency of evidence. We perceive in the delay attributable to the preparation of the trial transcript, no basis for setting aside appellant's conviction.

The judgment of sentence is affirmed.