## Commonwealth v. Burton

*Michael E. Moyer, Assistant District Attorney,* for Commonwealth.
*John J. Kerrigan, Jr.,* for defendant.

BACKENSTOE, *J.*, August 26, 1980—This matter is before us on defendant's motion in arrest of judgment after a nonjury trial resulting in a conviction of attempt to deliver a controlled substance.* We note, first of all, that defendant's failure to raise purported trial errors in his post-trial motion results in a waiver of those issues: Pa.R.Crim.P. 1123(a); Com. v. Blair, 460 Pa. 31, 331 A. 2d 213 (1975); Com. v. Clair, 458 Pa. 418, 326 A. 2d 272 (1974); Com. v. Zappacosta, 265 Pa. Superior Ct. 71, 401 A. 2d 805 (1979). Even if this were not the case, of course, we would be obliged to consider all evidence admitted at trial, whether properly or not, in passing on defendant's motion in arrest of judgment. It is well established that: "'In passing upon such a motion . . . the sufficiency of evidence must be evaluated upon the *entire trial record.*'" Com. v. Meadows, 471 Pa. 201, 205, 369 A. 2d 1266, 1268 (1977). (Emphasis in original.)

We are further obliged to read the evidence "in the light most favorable to the Commonwealth, [which] is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove." Id.

Bearing these principles in mind, the evidence against defendant was that he and his roommate, John Morgan, met Officer Papovich on two occasions in early July in downtown Allentown. Both times Morgan and the officer separated from defendant and transacted a sale of methamphetamine. On July 18, 1979 Officer Papovich

---

*Crimes Code, 18 Pa.C.S.A. §901(a), and The Controlled Substance, Drug, Device and Cosmetics Act of April 4, 1972 P.L. 233, 35 P.S. §780-113(a)(30).

went to the apartment of Morgan and defendant where defendant told him Morgan had left town. The officer told defendant that he wanted to deal some more and that he and Morgan were supposed to be doing something. Defendant told him that if he wanted to deal he had to deal through him (defendant). The officer told defendant that he and Morgan had agreed on a price of $1,200 for an ounce of methamphetamine. Defendant then agreed to meet the officer on July 20, 1979 at a designated time and place. At that time the meeting took place and defendant told the officer that the price had gone up to $1,500 and that either he "pay the price or don't get the dope." The price was agreed upon, and they arranged to meet in approximately three hours.

At the subsequent meeting defendant told the officer that the drugs were in Levittown and that he (the officer) would have to go down and pick it up. The officer objected to driving to Levittown, but defendant said, "they had no wheels, no way to pick it up." Defendant then made a phone call and put the officer on the line. The officer spoke to a Robin who also informed him the drugs were in Levittown, and that if he wanted to come down and get it, fine. They tried to arrange a meeting in Coopersburg or Quakertown, but it was not possible for the people in Levittown to drive up. Defendant again spoke with Robin.

Defendant later made a second phone call out of the hearing of the officer and then said to him, "Look, the stuff is still there. You know, we can do something. We can meet any place you want down there. Take heat along if you don't trust us, but there is no way to get it up here." The actual drug transaction never occurred, and defendant was arrested a few days later.

We agree with the Commonwealth that the evidence, as outlined, is sufficient to sustain defendant's conviction of criminal attempt. The Crimes Code states at section 901(a) that "[a] person commits an attempt when, with the intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."

Defendant does not contest the element of intent. Thus, the only issue is whether defendant's acts amount to a "substantial step toward the commission of that crime." Unfortunately, the cases cited by defendant were all decided under the law in effect prior to the adoption of section 901 of the Crimes Code. Prior law required an "overt act" rather than "substantial step." The courts interpreted "overt act" by looking to the steps remaining to be done before a crime was actually committed. If the acts were confined to mere preparation and could be abandoned without any transgression of the law or other's rights, they were within the sphere of intent and did not amount to attempts: Com. v. Gilliam, _____ Pa. Superior Ct. _____, 417 A. 2d 1203 (1980). See also Com. v. McCloskey, 234 Pa. Superior Ct. 577, 341 A. 2d 500 (1975); Com. v. Willard, 179 Pa. Superior Ct. 368, 116 A. 2d 751 (1955).

Under the Crimes Code, however, the scope of attempt liability has been broadened. The focus is now on the acts defendant has accomplished toward the commission of a crime rather than on those remaining to be done: Com. v. Gilliam, supra; Toll, Pennsylvania Crimes Code Annotated 217 (1974) (quoting from Model Penal Code Comment). The Comment of the Joint State Government Commission (1967) on criminal attempt under the Crimes Code, which is derived from section 5.01 of

the Model Penal Code, is that: "The purpose of this proposed section is to change existing case law which does not clearly define an attempt and which does not include 'preparation.' Toll, Pennsylvania Crimes Code Annotated, 217 (1974)." The "substantial step" test is intended to show firmness of criminal intent: Id. at 217-218. That being so, we are satisfied that defendant took a substantial step toward delivering a controlled substance. He negotiated a price for a particular amount and type of drug, agreed to meet the officer and made a telephone call in a last-ditch attempt to complete the drug transaction. These actions clearly show firmness of criminal intent. For that reason we refuse to grant defendant's motion in arrest of judgment.

### ORDER

Now, August 26, 1980, for the reasons stated in the accompanying opinion it is hereby ordered that defendant's motion in arrest of judgment be denied.