478 A.2d 30

**COMMONWEALTH of Pennsylvania**

v.

**Richard MILLS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed June 8, 1984.

Joseph J. Yeager, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

MONTEMURO, Judge:

This is an appeal from the judgment of sentence. The appellant, Richard Mills, was found guilty after a jury trial of criminal attempt[1] and criminal conspiracy.[2] Both charges arose out of an incident wherein appellant and his co-defendant, William J. Gola, allegedly made efforts to procure a controlled substance (methamphetamine) for an undercover agent from the Bureau of Narcotics Investigation. Boilerplate post-verdict motions were filed by the appellant but denied by the trial court. On February 24, 1983, the trial court imposed a sentence of five (5) years special probation. The probation sentence is to be served consecutively to a term of imprisonment currently being served by the appellant on an unrelated charge. This timely appeal followed.

The appellant contends on appeal that the evidence was insufficient to sustain his convictions, and that for a variety of reasons trial counsel was ineffective. Because we agree that the evidence was insufficient, we need not consider the claims of ineffectiveness.

In evaluating the sufficiency of the evidence, we are guided by the oft-stated standard set forth in *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982):

> The test for sufficiency of the evidence is whether accepting as true all of the evidence reviewed in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Id,* 498 Pa. at 669, 450 A.2d at 977. Viewed in light of this

1. 18 Pa.C.S.A. § 901.

2. 18 Pa.C.S.A. § 903(a).

standard, the following evidence was adduced at trial.[3] On December 24, 1981, Joseph H. Byerly, an undercover agent for the Bureau of Narcotics Investigation, went to the Wilkes-Barre apartment of one of his informants, Gene Kline. Byerly and Kline then proceeded to the apartment of William Gola, a high school acquaintance of Kline.

When Byerly and Kline arrived at Gola's apartment only a female identified as Tracy was present. Shortly thereafter, Gola and one George Thomas arrived at the apartment. Kline introduced Byerly, and inquired if he and Byerly could obtain some methamphetamine. Gola and Tracy had a conversation as to where the drug might be obtained. "They arrived at the name of Karl." (N.T. June 2, 1981, at 7–8). Tracy gave "Karl's" phone number to Gola, who went to a restaurant to attempt to call "Karl".

A few moments later, the appellant and another man arrived at Gola's apartment. Gola returned and said he could not contact "Karl". Gola and the appellant had a conversation which was not heard in its entirety by Byerly; however, he testified that Gola told appellant that Kline and Byerly were looking for methamphetamine. At that point, the appellant said to Byerly that, "he had paid another person, who was unidentified, in advance for a quantity of methamphetamine, which he was to receive later..." (N.T. June 2, 1982, at 9). He also asked if Byerly would "wait until that evening", but Byerly declined.

Byerly and Kline then left the apartment. While Byerly waited in his car, Kline returned to the apartment, pursuant to Byerly's instructions, and asked Gola to come down to the car. Gola, Kline and the appellant returned and got into the car. Gola gave directions to the home of Karl Polzer, and when they arrived, they drove past the front and also past the back of the house. Someone told Byerly

---

3. The Commonwealth reiterates the trial court's determination that appellant's claim of insufficiency was waived because appellant filed only boilerplate post-verdict motions. Since his post-trial motions were filed before our decision in *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983), we shall review the merits of appellant's claim.

that Polzer was not home because his car was not there. They drove back to Gola's apartment. Byerly was again asked (by one of the defendants) whether he could wait until that evening. He again declined and left.

The appellant and Gola were arrested by the Wilkes-Barre Police on January 21, 1982.

Initially, we note that the information setting forth the charges against the appellant stated:

THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE by this information charges that __RICHARD MILLS__ on or about the __24th__ day of __December__, __1981__, in said County, with the intent of promoting or facilitating its commission, did agree with William J. Gola that they would engage in conduct which constitutes the crime of Delivery of Controlled Substance, and in furtherance thereof they directed Agent Joseph Byerly to 471 South River Street, Wilkes-Barre, the residence of Karl Polzer, in an attempt to obtain a controlled substance, however the said Karl Polzer was not at home. CRIMINAL CONSPIRACY, 18 Pa.C.S.A. 903(a)(1).

AND THE DISTRICT ATTORNEY OF THE COUNTY OF LUZERNE further charges that RICHARD MILLS on the day and the year aforesaid, in said County, with intent to commit a specific crime, to wit, Delivery of Controlled Substance, did an act which constitutes a substantial step toward the commission of said crime by taking Agent Joseph Byerly to 471 South River Street, Wilkes-Barre, the residence of Karl Polzer, for the purpose of obtaining a controlled substance, however the said Karl Polzer was not at home. CRIMINAL ATTEMPT, 18 Pa.C.S.A. 901.

With regard to the charge of conspiracy, we initially refer to the definition set forth at 18 Pa.C.S.A. § 903(a)(1), upon which the appellant was charged:

(a) Definition of conspiracy,—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime;

*See also, Commonwealth v. Davis,* 312 Pa.Super. 85, 458 A.2d 248 (1983). In *Commonwealth v. Lamb,* 309 Pa.Super. 415, 455 A.2d 678 (1983), this court said:

The essence of the offense of conspiracy is an agreement between two or more persons to commit an unlawful act. *Commonwealth v. Emmi,* 290 Pa.Super. 86, 434 A.2d 142 (1981). The agreement required for conspiracy can seldom be directly proved, nor need it be. *Commonwealth v. Smith,* 289 Pa.Super. 356, 433 A.2d 489 (1981); *Commonwealth v. Stephens,* 231 Pa.Super. 481, 331 A.2d 719 (1974). However, a mere association between several alleged co-conspirators or their mere presence at the scene of the crime is not enough to establish that there has been a criminal conspiracy. *Commonwealth v. Emmi, supra.* Among the circumstances which are relevant, but not sufficient by themselves, to prove a corrupt confederation are: (1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy. The presence of such circumstances may furnish a web of evidence linking an accused to an alleged conspiracy beyond a reasonable doubt when viewed in conjunction with each other and in the context in which they occurred. *Commonwealth v. Carter,* 272 Pa.Super. 411, 416 A.2d 523 (1979).

*Id.,* 309 Pa.Super. at 429, 455 A.2d at 685–86. "However, [w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, the jury may not be permitted to guess which inference it will adopt. *Commonwealth v. Hubbard,* 472 Pa. 259, 270, 372 A.2d 687, 692 (1977)." *Commonwealth v. Davis, supra,* 312 Pa.Super. at 89–90, 458 A.2d at 250.

Herein, we conclude that the Commonwealth's evidence, direct and circumstantial, fails to prove the existence of a conspiracy between the appellant and Gola. The conspiracy charge is premised upon an agreement between appellant and Gola to deliver a controlled substance to Byerly. The overt act alleged to have taken place is that "they directed ... Byerly to ... the residence of Karl Polzer in an attempt to obtain a controlled substance, however ... Polzer was not at home."

■ The Commonwealth's evidence does indeed indicate that the appellant accompanied Byerly, Kline and Gola to Polzer's house, and that the appellant knew that Byerly and Kline sought to obtain methamphetamine. The evidence also indicates that appellant would himself be willing to obtain methamphetamine for Byerly and Kline sometime in the future. However, the evidence does not support the conclusion that the appellant made an agreement with Gola to attempt to procure methamphetamine from Karl Polzer for Byerly and Kline, or that he had any criminal intent in accompanying them. There is no indication that the appellant and Gola had engaged in any prior dealings concerning the sale of methamphetamine, a circumstance which would support the existence of a conspiracy. *Commonwealth v. Cameron*, 247 Pa.Super. 435, 372 A.2d 904 (1977); *Commonwealth v. Stephens*, 231 Pa.Super. 481, 331 A.2d 719 (1974). There are no statements of either the appellant or Gola concerning their association which would indicate any joint criminal intent to procure drugs. Moreover, there is absolutely no evidence that the appellant knew Polzer or had any prior dealings with him; nor is there evidence that the appellant was to participate in or profit from the transaction. The only evidence the Commonwealth presents is that the appellant got in the car and accompanied the others. According to the testimony of Byerly, it was Gola, not the appellant, who gave directions to Polzer's house. Moreover, although Byerly testified that he did not know who told him Polzer was not home, Gola admitted that it

was he who made that statement. (N.T. June 2, 1982, at 89).

■ To conclude, from the facts presented at trial, that the appellant and Gola conspired to attempt to deliver a controlled substance to Byerly and Kline is, in our opinion, mere speculation. Consequently, we must find the evidence was insufficient to sustain this conviction. *Commonwealth v. Davis, supra; Commonwealth v. Lamb, supra.*

Criminal attempt is defined at 18 Pa.C.S.A. § 901(a), which states: "A person commits a criminal attempt when, with intent to commit a specific crime, he commits any act which constitutes a substantial step toward the commission of that crime." *See, Commonwealth v. Griffin,* 310 Pa.Super. 39, 456 A.2d 171 (1983). In *Commonwealth v. Gilliam,* 273 Pa.Super. 586, 417 A.2d 1203 (1980), this court stated:

> The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before actual commission of the crime. *See:* Toll, Pennsylvania Crimes Code Annotated, 217 (1974); White, *The Inchoate Crimes Provisions of the New Pennsylvania Penal Code,* 35 Pitt.L.Rev. 235, 237–42 (1973).

*Id,* 273 Super. at 589–590, 417 A.2d at 1205. Thus in *Gilliam,* the court held that the appellant, a prisoner, had committed an attempted escape by sawing completely through the window bars of his cell, and by fashioning a "hook" and "rope" from items in his cell. *See and compare, Commonwealth v. Chance,* 312 Pa.Super. 435, 458 A.2d 1371 (1983); *Commonwealth v. Bryant,* 282 Pa.Super. 600, 423 A.2d 407 (1980); *Commonwealth v. Fierst,* 257 Pa.Super. 440, 390 A.2d 1318 (1978). *See generally,* Model Penal Code, § 501(2).

According to the information and the evidence produced at trial, it is the Commonwealth's contention that the appellant took a substantial step toward the delivery of a con-

trolled substance by accompanying Byerly, Kline and Gola to Karl Polzer's house. We disagree.

Again we note that there is no indication that the appellant took any role in directing the vehicle to Polzer's house; in fact, the evidence indicates that he was merely a passive passenger. Moreover, there is no evidence that the appellant knew Polzer or had any prior dealings with him; nor is there any indication as to what role appellant was to play in the transaction. Additionally, since we have determined that the Commonwealth has failed to prove the existence of a conspiracy, the appellant is not liable for the acts of Gola.

■ Consequently, we conclude the evidence was insufficient to sustain a conviction on the charge of criminal attempt. We must therefore vacate the judgment of sentence imposed by the trial court. It is unnecessary to address appellant's claims of ineffectiveness in light of our decision.

Judgment of sentence vacated.

Jurisdiction is not retained.

CERCONE, J., concurred in the result.