J-S54036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY MCCULLOUGH | |
| Appellant | No. 1642 MDA 2013 |

Appeal from the Judgment of Sentence January 27, 2012
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0003154-2010

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

DISSENTING MEMORANDUM BY LAZARUS, J.:  **FILED DECEMBER 09, 2014**

I respectfully dissent.  While we applaud local law enforcement for their efforts to keep illegal drugs off of our streets, in this particular case the police short-circuited the proper avenues to establish probable cause to arrest.  As a result, the Commonwealth failed to prove that McCullough committed the crime of attempt to deliver a controlled substance. Accordingly, his convictions are infirm and should be reversed.

Instantly, a jury convicted McCullough of possession with intent to deliver, attempt to deliver a controlled substance, and criminal use of a communication facility.  Criminal use of a communication facility is defined as:

> **A person commits a felony of the third degree if that person uses a communication facility[1] to** commit, cause or **facilitate the commission or the attempt thereof of any crime which constitutes a felony** under this title or under the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

18 Pa.C.S. § 7512(a) (emphasis added). Notably, if the underlying felony or the attempt of the underlying felony never occurs, then a defendant has facilitated nothing and cannot be convicted under section 7512. *Commonwealth v. Moss*, 852 A.2d 374 (Pa. Super. 2004); 18 Pa.C.S. § 7512.

The majority concludes that the police lawfully arrested McCullough without a warrant based on the fact that he "allegedly commit[ed] several felonies." Majority Opinion, at 6. Specifically, the majority supports the trial court's decision to deny suppression and affirm McCullough's convictions for attempt to deliver a controlled substance and criminal use of a communication facility based on the following facts: (1) Officer Gula's experience in investigating drug trafficking; (2) McCullough and Gula's conversations about exchanging cocaine for money; and (3) police

---

[1] Here, a cell phone was the instrument deemed to be a communication facility under section 7215(a). *See* 18 Pa.C.S. § 7512(c) ("communication facility" is defined as "[a] public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, **including [] . . . [a] telephone**.") (emphasis added).

knowledge that McCullough had been arrested in the past for drug dealing. *Id.* at 7.

Probable cause to arrest exists "when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008). Here, the facts were insufficient to lead Officer Gula to reasonably believe that an offense had been or was being committed in his presence.

"A person commits the crime of attempt, when with intent to commit a specific crime, he does any act which constitutes a substantial step toward commission of that crime." 18 Pa.C.S. § 901(a). The inquiry into whether "a substantial step" has been taken focuses on the acts the defendant *has done* and not the acts *that remain* for the defendant to actually commit the crime. *See Commonwealth v. Zingarelli*, 839 A.2d 1064, 1069 (Pa. Super. 2003) (defendant committed crime of attempt of IDSI and statutory sexual assault where he made following substantial steps: (1) made hotel reservation pursuant to conversation with undercover officer posing as young girl; (2) packed an overnight bag; (3) drove two and one half hours to arranged meeting site at arranged time; and (4) purchased wine and condoms); *Commonwealth v. Gilliam*, 417 A.2d 1203 (Pa. Super 1980);

(inmate guilty of attempt to escape where he committed following acts constituting substantial steps: (1) manufactured and assembled paraphernalia necessary to effectuate escape and (2) sawed through bars in cell window); *see also Commonwealth v. McCauley*, 797 A.2d 920 (Pa. Super. 2001) (defendant convicted of attempt to acquire a controlled substance by fraud, forgery, deception or subterfuge where he presented forged subscription to pharmacist and then attempted to leave store, when he was apprehended).

Delivery of a controlled substance is prohibited under section 780-113 of the Controlled Substance, Drug, Device and Cosmetic Act (the Act). *See* 35 P.S. § 780-113(a)(1) ("The following acts and the causing thereof within the Commonwealth are hereby prohibited: The manufacture, sale or delivery, holding, offering for sale, or possession of any controlled substance, other drug, device or cosmetic that is adulterated or misbranded."). Moreover, the term "delivery" is defined under the Act as "[t]he actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102. Some factors which may be used to infer intent to deliver are: manner in which substance packaged; presence of drug paraphernalia; large sums of cash found on defendant; and behavior of the defendant. *Commonwealth v. Ramos*, 573 A.2d 1027 (Pa. Super. 1990).

Here, McCullough failed to take a substantial step toward committing the crime of delivery of a controlled substance. Specifically, there was a lack of evidence to conclude that Officer Gula reasonably believed that McCullough was attempting to transfer drugs to Officer Gula immediately preceding his arrest. At most, Officer Gula was able to *assume* that the man, "Cory," with whom he had had several cell phone conversations about buying ½ ounce of cocaine in exchange for $840.00, was the same individual in the maroon Buick whom he followed to Cusick Avenue. Even considering the content of their prior cell phone conversations, Officer Gula had no way of knowing that the individual who exited the maroon Buick was in fact the same person he discussed buying drugs from until that individual took some substantial step toward delivering drugs to him. **See Commonwealth v. Moss**, 852 A.2d 374 (Pa. Super. 2004) (Commonwealth may not obtain conviction under section 7512 for attempt to deliver drugs based solely on evidence that defendant engaged in drug-related telephone conversations with known drug trafficker).

Essentially, the police jumped the gun in this case. Without any additional evidence to show that McCullough made a "substantial step" in delivering the cocaine to Officer Gula, there was no probable cause to arrest him for attempt to deliver a controlled substance. **Compare Commonwealth v. Parker**, 957 A.2d 311 (Pa. Super. 2008) (conviction for attempt to deliver affirmed on appeal where defendant exhibited suspicious

gestures and movements in officer's presence, officer testified size, shape, color and packaging of substance on defendant's person was consistent with crack cocaine, and defendant admitted substance looked like cocaine and that he planned to knowingly sell substance to support drug addiction). As a result, no attempt at the underlying felony occurred to support McCullough's conviction for use of a communication facility. 18 Pa.C.S. § 7512. Therefore, Officer Gula did not have probable cause to arrest McCullough, and any drugs uncovered from his arrest and subsequent search of the car should have been suppressed. Because the suppression court's legal conclusions are not supported by the facts of record, the court erred in denying McCullough's suppression motion. Accordingly, I would reverse. *Commonwealth v. Taggart*, 997 A.2d 1189, 1193 (Pa. Super. 2010).[2]

---

[2] However, if McCullough's convictions were not infirm, I agree with the majority that the imposition of the mandatory sentencing provision of section 7508 violated the rule in *Apprendi* as interpreted by *Alleyne*.