J-E01007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| LEO MCNEIL | |
| Appellee | No. 1795 EDA 2008 |

Appeal from the Judgment of Sentence February 4, 2008
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000455/456-2007

BEFORE:  BOWES, DONOHUE, SHOGAN, LAZARUS, MUNDY, OLSON, WECHT, STABILE, JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 17, 2015**

Leo McNeil appeals from the judgment of sentence imposed by the trial court after the court found him guilty of attempted rape, attempted involuntary deviate sexual intercourse ("IDSI"), indecent assault, sexual assault, incest, endangering the welfare of children ("EWOC"), recklessly endangering another person ("REAP"), simple assault, and corruption of a minor after he sexually abused his niece, H.J.[1]  We affirm.

The Commonwealth presented the following evidence:

---

[1] Appellant was also tried and found guilty at the same trial for a host of sex crimes against H.J.'s brother.  The aggregate sentence imposed for his crimes against both H.J. and her brother was twenty-two to forty-four years incarceration to be followed by twenty years probation.

Appellant's eleven-year-old daughter testified first as a bad acts witness. She initially related that, when she was seven years old, her father entered her bedroom while she was sleeping. He proceeded to remove her pajamas and his own pants and turned her over onto her stomach. Appellant then got on top of his daughter and placed his penis between his daughter's buttocks and began to move while his penis was touching her buttocks. She maintained that Appellant rubbed his penis between her buttocks. This occurred on more than one occasion.[2]

In addition to relaying this story, she also informed the court of an incident involving her brother. Both she and her brother shared a bedroom. According to her, the night after the first incident she awoke to see her father in bed with her brother. After her father left the room, she discovered that her brother was bound with a jump rope, and she untied him. Her brother, who was two years younger than she, was crying.[3] Lastly, Appellant's daughter testified to witnessing him abuse one of her female cousins. On this occasion, she peeked into her father's room and saw him

_____

[2] At the time of this trial, Appellant had already been convicted of molesting his daughter.

[3] Appellant entered a no contest plea to incest and endangering the welfare of a child, relative to this incident, before his trial in this matter.

laying on his back with her cousin laying and moving on top of him stomach to stomach.[4]

Next, the Commonwealth presented one of the victims in this case, C.J., Appellant's nephew.[5] C.J. was seventeen at the time of trial. He recounted being abused by Appellant when he was between nine and thirteen years of age. On one occasion, Appellant pulled down C.J.'s pants and Appellant put his penis in the victim's buttocks. Prior to that, Appellant had attempted to put his penis in C.J.'s buttocks and the victim told him that it hurt, and Appellant stopped. In addition to these incidents, C.J. informed the court that Appellant inappropriately touched his legs and buttocks several other times. C.J. also testified that Appellant grabbed his penis. Further, C.J. maintained that Appellant took him to work and abused him. Specifically, Appellant was cleaning a bank at night. He made the victim lie down on his stomach and close his legs. Appellant then put his penis between the boy's thighs and ejaculated.

C.J.'s older sister, R.J., twenty years old at the time of trial, added that when she was in fourth grade, while riding in a car with Appellant, he began to grind on her sister who was sitting on his lap. That sister, H.J., is

_____

[4] Prior to the trial in this case, Appellant pled no contest to indecent assault and corruption of a minor with respect to the above-mentioned abuse.

[5] Appellant does not challenge his convictions relative to this victim.

the victim in question herein. She was nineteen at trial and confirmed R.J.'s testimony. In addition, according to H.J., Appellant first abused her when she was approximately five years old. H.J. provided that, at the time, Appellant was staying in the basement of her home. Appellant called her downstairs and she went to the basement with her brother, C.J. Appellant sent H.J.'s brother upstairs to get a light bulb. After H.J.'s brother left, Appellant told the victim to remove her pants. When she did not, Appellant took them off for her. He then laid her on his bed on her stomach. Appellant then climbed on top of her after pulling his pants down.

H.J. continued, stating that Appellant put his penis on her butt. She testified, "when he touched my butt, he was just rubbing his stuff on me and on my front but down a little bit[.]" N.T., 10/23/07, at 185. H.J. maintained that Appellant's penis touched her vagina but he did not put it inside her vagina. According to her, "he would put [his penis] between [her] legs but have it on [her] butt right there. (indicating.)" *Id*. at 186.

When H.J. was eleven, twelve, or thirteen, Appellant asked her if he could pay her to have sex with him. Specifically, he inquired if he could take her virginity. When the victim declined, he increased the price that he was willing to pay. This incident was interrupted when C.J. knocked on the door. Appellant attempted to pay C.J. to leave, but the victim left the room with her brother.

The court found Appellant guilty of the aforementioned charges. Thereafter, it imposed sentence on February 4, 2008. Appellant filed a timely post-sentence motion, which was denied by operation of law. A timely appeal ensued on June 23, 2008. On April 8, 2009, this Court remanded to the trial court to permit Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal and for the court to author a 1925(a) decision. Appellant, while represented by counsel, filed a *pro se* motion for transcripts, which this Court denied on December 15, 2009. Inexplicably, no further action was taken in this case until March 26, 2012, over two years later. At that point, Appellant requested permission to proceed *pro se* and sought a remand for a ***Grazier*** hearing. This Court remanded for such a proceeding on April 17, 2012. The trial conducted that proceeding on April 30, 2012, and denied Appellant's request.

Appellant again requested a ***Grazier*** hearing, which this Court denied on July 9, 2012. Again, no further action occurred in this matter until over one year later. The trial court opinion was received on July 12, 2013, over five years after Appellant appealed. In a panel decision, this Court affirmed in part and reversed in part on June 30, 2014. Specifically, the panel reversed Appellant's conviction for attempted IDSI. The Commonwealth sought reargument, which this Court granted. The matter was placed on a prior *en banc* panel, but was rescheduled based on the Commonwealth's

- 5 -

unopposed motion. The case has been argued and is now ready for this Court's review. Appellant presents the following issue for our consideration.

> Was not the evidence insufficient to support appellant's convictions for attempted rape and attempted involuntary deviate sexual intercourse with respect to complainant H.J. where there was no testimony of penetration, however slight, or attempted penetration and there was opportunity for the appellant, were it his intent, to penetrate?

Appellant's brief at 3.

Our standard and scope of review in examining a sufficiency claim are well ensconced. We consider "all of the evidence admitted, even improperly-admitted evidence." *Commonwealth v. Haynes*, 2015 WL 1814017, *15 (Pa.Super. 2015). In evaluating the evidence, we view it "in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth." *Id*. So long as evidence exists to permit the fact-finder to find each element of the crime charged beyond a reasonable doubt, the claim will fail. *Id*.

Only "[w]here 'the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances,'" is a defendant entitled to relief. *Id*. "The evidence 'need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.' In addition, the Commonwealth can prove its case by circumstantial evidence." *Id*. Finally,

we do not reweigh the evidence and substitute our own judgment in place of the fact-finder. *Id*.

Criminal attempt is statutorily defined as follows, "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). In addition, the rape charge in question is defined as engaging in sexual intercourse with a complainant by forcible compulsion; or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution. *See* Criminal Information Count 1, at 1 (charging attempted rape); 18 Pa.C.S. § 3121(a)(1)-(2). Further, the relevant crime of IDSI occurs when a person engages in deviate sexual intercourse with a complainant by forcible compulsion; or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution. Criminal Information Count 3, at 1 (charging attempted IDSI); 18 Pa.C.S. § 3123(a)(1)-(2).

Appellant argues that there is insufficient evidence to demonstrate that he took a substantial step toward committing rape or IDSI. He contends that he did not make any statements indicating an intent to commit rape or IDSI, and his actions were consistent with indecent assault, not attempted rape or attempted IDSI. Appellant maintains that placing his penis on the buttocks of the five-year-old victim and touching her vagina with his penis does not give rise to evidence of a substantial step toward rape or IDSI since

he could have completed both crimes. He submits that because there was no "intervening force which would have worked to prevent the commission of the 'intended' crime[,]" the evidence only established an indecent assault. Appellant's brief at 13. Continuing, Appellant asserts that "[o]nly by engaging in wild surmise, conjecture and guesswork can one conclude that [A]ppellant intended to go further." *Id*. at 16.

The Commonwealth responds that Appellant "presents an abridged version of the evidence, viewed in the light most favorable to himself[.]" Commonwealth's brief at 10. In its view, considering the evidence in a light most favorable to it, Appellant's actions not only proved attempted rape and attempted IDSI but were sufficient to convict for the commission of rape and IDSI.

We find ample evidence that Appellant attempted to commit both rape and IDSI. Appellant isolated his five-year-old niece in a basement bedroom. He then forced her to remove her pants and underwear. Appellant put the victim face down and removed his own pants. After taking off both the victim's and his own pants, Appellant laid on top of the young victim and put his penis between the victim's buttocks and rubbed the lips of the victim's vagina with his penis. The victim expressly stated that Appellant was rubbing his penis on her vagina. These actions viewed together constitute a substantial step toward the commission of both rape and IDSI.

That Appellant did not complete the crimes is of little moment where the requisite inquiry involves whether he intended to commit the crimes in question and took substantial steps toward the commission of the pertinent crimes. *See Commonwealth v. Gilliam*, 417 A.2d 1203, 1205 (Pa.Super. 1980) ("The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before actual commission of the crime."). Removing a five-year-old girl's pants, followed by removing one's own pants and putting one's penis between the girl's buttocks and touching her vagina with an exposed penis are as substantial steps as one can take without completing the crimes. Appellant's rubbing up and down on the victim's vagina with his penis is a substantial step toward rape.

As to IDSI, Appellant's removal of the victim's clothing and putting his penis between the buttocks of the five-year-old victim, without penetrating her anus, remains a substantial step toward committing IDSI. Moreover, one does not need to engage in conjecture to determine if Appellant intended to go further. The Commonwealth introduced prior bad acts evidence establishing that Appellant engaged in almost identical behavior with the victim's brother and his own daughter before anally raping each of them.

Appellant's position is essentially that since he completed the crimes in the other instances, had he intended to commit rape or IDSI against his

niece, he would have completed those crimes. However, this requires us to view the evidence in a light most favorable to him, giving him the benefit of the inferences available to him rather than the Commonwealth. This is simply not a case where the evidence is so weak and inconclusive that no probability of fact can be drawn from the combined circumstances. Appellant's issue fails.

Judgment of sentence affirmed.

Donohue, Shogan, Lazarus, Mundy, Olson, Stabile, and Jenkins, JJ. join the Memorandum.

Wecht, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015