J-S24009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM BERRY | |
| Appellant | No. 2087 EDA 2014 |

Appeal from the Judgment of Sentence June 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010341-2013

BEFORE:  GANTMAN, P.J., ALLEN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 24, 2015**

Appellant, William Berry, appeals from the judgment of sentence entered in the Philadelphia County Court of Common pleas, following his bench trial convictions for attempted criminal trespass and criminal conspiracy.[1]  We affirm.

In its opinion, the trial court fully set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE
> BECAUSE…THE EVIDENCE WAS NOT BEYOND A
> REASONABLE DOUBT TO CONVICT [APPELLANT] OF

---

[1] 18 Pa.C.S.A. §§ 901, 3503, and 903, respectively.

> ATTEMPTED CRIMINAL TRESPASS AND CRIMINAL CONSPIRACY.
>
> THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT BECAUSE…THERE WAS INSUFFICIENT EVIDENCE TO CONVICT [APPELLANT] OF ATTEMPTED CRIMINAL TRESPASS AND CRIMINAL CONSPIRACY.

(Appellant's Brief at 3).

As a preliminary matter, generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

**Rule 607.  Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

> (1)  orally, on the record, at any time before sentencing;
>
> (2)  by written motion at any time before sentencing; or
>
> (3)  in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).  "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004).  A claim challenging the weight of the evidence generally cannot be raised for the first time in a [Pa.R.A.P.] 1925(b) statement.  *Commonwealth v. Burkett*, 830 A.2d 1034

(Pa.Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. ***Id.***

Instantly, Appellant failed to challenge the weight of the evidence before the trial court in a motion for a new trial. Rather, Appellant raised his weight claim for the first time in his Rule 1925(b) statement. Thus, his first issue on appeal is waived.[2] ***See*** Pa.R.Crim.P. 607; ***Gillard, supra***; ***Burkett, supra***.

With respect to Appellant's challenge to the sufficiency of the evidence, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable J. Scott O'Keefe, we conclude Appellant's second issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of this issue. ***See*** Trial Court Opinion, filed December 22, 2014, at 3-5 (finding: testimony

---

[2] Moreover, the trial court credited the testimony of Ms. Brown and Officer Auty, and concluded, based on the strength of the Commonwealth's evidence, that the verdict did not shock the court's sense of justice. Thus, even if Appellant had properly preserved his weight claim for appellate review, we would see no error in the court's decision to deny relief. ***See*** ***Commonwealth v. Champney***, 574 Pa. 435, 832 A.2d 403 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (explaining weight of evidence is exclusively for finder of fact who is free to believe all, part, or none of evidence and to determine credibility of witnesses; this Court cannot substitute its judgment for that of fact-finder and may reverse verdict only if it is so contrary to evidence as to shock one's sense of justice).

established occupant of home, Ms. Brown, heard Appellant and two cohorts attempting to gain entry to house through kitchen and basement doors; Ms. Brown looked out of her window and observed one perpetrator on elevated porch at kitchen door; porch was accessible only from inside kitchen, which meant that individual climbed onto porch to attempt to gain entry to house; other two individuals were on ground near basement door; Ms. Brown heard sounds that made it clear Appellant and two cohorts were attempting to gain entry through locked doors; noises continued for some time and doors needed repair after incident; Officer Auty was five blocks away when he received radio call regarding incident; as he approached property in back alley in marked patrol car, officer observed Appellant and two cohorts at rear of property; Appellant and two cohorts immediately fled when they saw police car; Officer Auty identified Appellant, at scene and at trial, as one of males at rear door of property who fled; Appellant was apprehended by police as he ran out of alley; evidence was sufficient to convict Appellant of attempted criminal trespass; evidence also was sufficient to convict Appellant of criminal conspiracy, in light of concerted actions of Appellant and his co-conspirators to break into home, and their flight together when police approached).    Accordingly, Appellant's first issue is waived; with respect to Appellant's second issue, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :     CRIMINAL TRIAL DIVISION

v.                        :     2087 EDA 2014

WILIAM BERRY    **FILED**    :     CP-51-CR-0010341-2013

DEC 2 2 2014

Criminal Appeals Unit
First Judicial District of PA

OPINION

CP-51-CR-0010341-2013 Comm. v. Berry, William
Opinion

7237298541

O'KEEFE, J.

Defendant, William Berry, appeals from a conviction and judgment of sentence resulting from a waiver trial in the Philadelphia Court of Common Pleas on April 17, 2014, wherein the defendant was found guilty of Attempted Criminal Trespass and Criminal Conspiracy and subsequently sentenced to twenty-four months probation.

## PROCEDURAL HISTORY:

William Berry and Terrell Parker were arrested on June 7, 2013 and charged with Attempted Burglary, Attempted Criminal Trespass and Conspiracy. A preliminary hearing was held on August 13, 2013 at which time both defendants were held for court on all charges.

A Motion to Quash the attempted burglary changes was filed by both defendants, and granted prior to the bench trial. The defendants were convicted of all the remaining charge, with this defendant receiving a sentence of two years probation. Mr. Berry filed this timely appeal.

1

## STANDARD OF REVIEW:

When a claim of insufficiency of the evidence is made an appellate court views the evidence in a light most favorable to the Commonwealth, and determines whether the evidence presented at trial, including all reasonable inferences that may be drawn therefrom, was sufficient to prove all of the elements of the crime beyond a reasonable doubt. *Commonwealth v. McCalman*, 795 A.2d 412 (Pa. Super. 2002).

A claim that the verdict was against the weight of the evidence requires that the court examine the record to determine whether the fact finder's verdict was so contrary to the evidence as to shock one's sense of justice and thereby mandate the granting of a new trial. *Commonwealth v. Habay*, 934 A.2d 732 (Pa. Super. 2007), *appeal denied*, 954 A.2d 575 (Pa. 2008). Whether or not a new trial should be granted on the grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial court, whose decision will not be reversed absent a showing of an abuse of discretion. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745 (2000); *Commonwealth v. Brown* 538 Pa. 410, 648 A.2d 1177 (1994).

## FACTS:

The trial testimony established that at approximately 11:15 a.m. on the morning of June 7, 2013, Ms. Joyce Brown was at her home at 5743 North 12th Street in Philadelphia when she heard a loud noise in the rear of her house. Ms. Brown looked out her upstairs window and saw three males attempting to gain entry into the back of her house. One individual was up on the kitchen deck, another was under the deck and the third at the basement door. The deck is only legitimately accessed from the kitchen – there are no steps allowing access from the ground. As

2

Ms. Brown observed these individuals at the kitchen and back doors, she continued to hear noises coming from both doors as the three men attempted to gain entry. Ms. Brown called the police and fled through the front door to seek the safety of a neighbor's house.

Police Officers Auty and Gugger responded to the corresponding radio call and upon arrival observed the three males at the back door of Ms. Brown's house. The males looked in the direction of the police and immediately took off running. Officer Auty radioed flash descriptive information of the males and chased one of the individuals, although unable to catch that individual. Officer DelRici likewise responded to the radio call and caught Terrell Parker running down the alley behind 5751 North 12th Street. Sergeant Williams arrived moments later and apprehended William Berry running out of the same alley onto Chew Street.

## LEGAL DISCUSSION:

The defendant contends that the evidence was insufficient as a matter of law, in that there was no competent evidence that either defendant attempted to break into the residence of the complainant, and further that the verdict was against the weight of the evidence.

In order to prove the charge of criminal attempt, the Commonwealth must prove that a defendant, with a conscious object to commit a specific crime, does any act which contributes a substantial step toward the commission of that crime. 18 Pa.C.S. § 901. *Commonwealth v. Gilliam*, 417 A.2d 1203 (Pa. Super. 1980), *Commonwealth v. McCollum*, 926 A.2d 527 (Pa. Super. 2007). The prosecution charged the defendant in this case with attempted criminal trespass. In order to find a defendant guilty of criminal trespass the state need prove that the defendant broke into a location that he knew he did not have permission or lawful authority to

3

enter and that the premises was an occupied structure, 18 Pa.C.S. § 3503. *Commonwealth v. Giddings*, 686 A.2d 6 (Pa. Super. 1996).

The testimony in the instant case established that Ms. Brown was in her home when she heard these two defendants and another male attempting to gain entry to her house through both the kitchen and basement doors. She looked out her third floor window and observed one male on her porch at the kitchen door. There are no steps to access this porch from the ground; the only access is through the kitchen. Obviously, this male climbed up on the porch and was attempting to gain entry through that door. The other two males were on the ground at the basement door, and the sounds emanating therefrom made it patently clear that these men were attempting to gain entry through the locked doors. Ms. Brown further testified that the noises at the doors continued for some time and that the doors needed to be adjusted after this incident.

Officer Auty credibly testified that he was approximately five blocks away when he received the radio call, that he responded to the rear of the property and as he approached from the alleyway in his patrol car, he observed the three males at the rear of the property. The three looked at the police car and took off running. One got away, however co-defendant Parker was arrested in the alley and this defendant was arrested running out of the alley. Officer Auty positively and unhesitatingly identified the two defendants, both at the scene and at trial, as two of the three males at the rear door of the property who fled. Flight, combined with the actions of these three males makes it crystal clear they were attempting to force the doors open to get into the occupied home of Ms. Brown. That they were unsuccessful is the reason they were only charged with criminal attempt. Accordingly there was more than sufficient evidence to convict the two defendants and that verdict does not shock one's sense of justice.

4

To prove the charge of criminal conspiracy, the state need prove that the defendant and another, with a conscious object of promoting or facilitating the commission of a crime, agree to commit the crime and take a substantial step towards the commission of that crime. 18 Pa.C.S. § 903. *Commonwealth v. Weimer*, 602 Pa. 33, 977 A.2d 1103 (Pa. 2009). *Commonwealth v. Rios*, 546 Pa. 271, 684 A.2d 1025 (Pa. 1996). The law is definate that an agreement to commit a crime subsumes an agreement to attempt to commit the crime. Thus, the conspiracy would be complete upon the performance of an overt act pursuant to the agreement. *Commonwealth v. Rios*, supra. The Commonwealth may prove criminal conspiracy by circumstantial evidence. Indeed, people who conspire most often do so in secrecy, and circumstantial evidence is quite often the only means of proving a conspiracy. The conspiracy can be proved by the conduct and acts of the defendant and his co-conspirators and the circumstances surrounding their activities. *Commonwealth v. Hughes*, 68 A.3d 357, (Pa. Super. 2013), *Commonwealth v. Grekis*, 601 A.2d 1275, 1283 (Pa. Super. 1992).

It is plain in the instant case, from the actions of the defendants, the circumstances surrounding their activities, as well as their flight together when the police were approaching, that they were acting together towards one goal, the entry of Ms. Brown's residence.

Obviously, the evidence was more than sufficient to support the verdict and was not contrary to the evidence, and accordingly the defendant's appeal should be denied.

BY THE COURT:

J. SCOTT O'KEEFE, J.

5

DATE: 12-22-14

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL TRIAL DIVISION |
|---|---|---|
| v. | : | 2087 EDA 2014 |
| WILIAM BERRY | : | CP-51-CR-0010341-2013 |

### Proof of Service

I hereby certify that I am on this day serving the foregoing Court's Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Defense Attorney:    Todd Fiore, Esquire
211 North 13th Street
Philadelphia, PA 19107

Type of Service:    ( ) Personal ( ) First Class Mail  ( X )  Interoffice  ( )  Other, please
specify

District Attorney:    Hugh Burns, Esquire
District Attorney's Office
Chief – Appeals Unit
3 South Penn Square
Philadelphia, PA 19107

Type of Service:    ( ) Personal ( ) First Class Mail  (X)  Interoffice  ( )  Other, please specify

Date: 12-22-14

Allison M. O'Keefe, Law Clerk

6