J-S14034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RAFIQ SMALL | : | |
| Appellant | : | No. 2206 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006088-2019

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 7, 2025**

Appellant, Rafiq Small, appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas on September 21, 2022. After review, we affirm.

The trial court outlined the relevant facts of this case as follows:

> On or about May 1, 2019, Jasmine Johnson and Richard Williams went to the 24-hour convenience store located at 1700 Woodland Avenue, in the city and county of Philadelphia. Specifically, Williams was scheduled to sell a vehicle, which he previously stole, to appellant (identified in court at trial as the "short man" by Johnson) and another friend of appellant.
>
> At the location, appellant and Williams went for a test drive of the vehicle while Johnson and appellant's friend stayed in the parking lot of the 24-hour store. Once Appellant and Williams returned from the test drive, they parked across the street from the convenience store and began discussing the sale of the car; included in that conversation was Appellant's friend. During the

_____

* Former Justice specially assigned to the Superior Court.

conversation, the appellant pulled out a gun. At that point, Williams began walking across Woodland Avenue toward the convenience store. Appellant fired several shots towards the store and Williams.

The appellant subsequently forced Johnson out of the car in which she and Williams arrived; Appellant and his friend fled the scene in that car, while Johnson ran into the 24-hour convenience store. Once inside the store, Johnson testified that she saw a child on the floor covered in blood. Williams also escaped into the store once Appellant began shooting.

At approximately 12:30 AM, Philadelphia Police Officer Kevin Kelly (Badge #5605), received a radio call of a shooting at the 24-hour convenience store on Woodland Avenue and Highland Street. At the scene Officer Kelly observed a juvenile male lying on the floor of the store suffering from gunshot wounds in the abdomen area. This juvenile was later identified as Quamir Alexander. He was subsequently transported to the Children's Hospital of Philadelphia critical condition. Williams and Johnson ultimately spoke to police, who subsequently arrested and charged Appellant with, among other things, Attempted Murder.

Tr. Ct. Op. at 2-3 (citations omitted; paragraph spacing altered).

A jury trial was held and concluded on September 29, 2022. Appellant was found guilty of the attempted murders of Richard Williams and Quamir Alexander, aggravated assault of Quamir Alexander, reckless endangerment of Mercedes Johnson, and firearms not to be carried without a license.[1]

On March 24, 2023, the trial court sentenced [Appellant] to ten (10) to twenty (20) years [of] state incarceration on each Attempted Murder count; and three and a half (3 ½) to seven (7) years [of] state incarceration [on] the VUFA § 6106 count. The [c]ourt ordered the Attempted Murder sentences to run concurrent to each other, while it ordered the VUFA sentence to run consecutive to the Attempted Murder counts for a total sentence of thirteen and a half (13 ½) to twenty-seven (27) years

_____

[1] 18 Pa.C.S.A. § 901(a); 18 Pa.C.S.A. § 2702(a); 18 Pa.C.S.A. § 6106(a)(1).

[of] state incarceration. The Appellant was also given credit for any time he served in prison in this case prior to trial.

Tr. Ct. Op. at 4.

On April 3, 2023, Appellant filed both a motion for reconsideration of sentence and a post-sentence motion raising claims challenging the weight and sufficiency of the evidence. The trial court denied those motions on August 2, 2023. Appellant filed a notice of appeal on August 25, 2023. The trial court ordered[2] Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) on September 12, 2023. Appellant complied after several continuances. This appeal followed.

Appellant raises the following three issues for our review:

1. Did the trial court commit reversible error by denying Appellant's motion to suppress?

2. Was the evidence insufficient to sustain the convictions for Attempted Murder?

3. Did the trial court abuse its discretion in sentencing Appellant consecutively for the firearms violation?

Appellant's Br. at 3.

Appellant's first issue challenges the trial court's denial of Appellant's motion to suppress. When reviewing a trial court's denial of a suppression motion, this Court is bound by the following standard:

---

[2] The trial court's order does not comply with Pa.R.A.P. 1925(b)(3)(iii) as it does not include the courthouse address. This failure to comply would prevent a finding of a waiver on an issue not properly included in an appellant's statement.

[An appellate court's] standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Stevenson*, A.2d 759, 769 (Pa. Super. 2006) (citing *Commonwealth v. Bomar*, 826 A.2d 831, 842 (Pa. 2003)). We are bound by the suppression court's factual findings and credibility determinations that are supported by the record. *Commonwealth v. Cooley*, 118 A.3d 370, 373 (Pa. 2015). In contrast, appellate courts give no deference to the suppression court's legal conclusions, which we review *de novo*. *In re L.J.*, 79 A.3d 1073, 1080 n.6 (Pa. 2013). Our scope of review is limited to the suppression hearing record and excludes evidence elicited at trial. *Id.* at 1085.

Specifically, Appellant argues that the trial court's finding that the police had a valid search warrant at the time of the search was unsupported by the record. Appellant's Br. at 9. Appellant avers that the warrant was issued at 9:00 AM, but the incident report generated by Detective George and the Philadelphia police property receipts reflect a time of 8:00 AM. *Id.* at 10. Initially, we note that Appellant has failed to include any citations to the record in his brief. Nonetheless, our review of the record reveals that there is, in fact,

a discrepancy as to the time on the incident report and the time on the warrant. N.T., 9/20/22, at 22-24.

However, Detective George testified at the suppression hearing to explain the reason for the discrepancy. The detective testified that 8:00 AM is when his shift began, and that it was immediately at that time that he received the phone call providing him information about the shooting. N.T., 9/20/22, at 22. Because his involvement in the incident began at 8:00 AM on that day, that is the time that was generated on his report. *Id*. He stated that the warrant was issued at 9:30 AM and that once he had the search warrant in his possession, he gathered the officers and executed the warrant. *Id.* at 12.

The suppression court found Detective George to be credible and stated as follows:

> I looked at the evidence and the submissions of the parties, and I heard the arguments, specifically Detective George. He testified about the discrepancy of May 1st, at 8:00, but the warrant was actually at 9:30 a.m., and I believe the warrant had to be served no later than 9:30 a.m. on May 3rd of 2019.
>
> Clearly, I think the defense raised some good issues. Clearly, I don't think it's definitely an insignificant issue that they raised. However, in order to find that they went in the house without a search warrant, I have to believe that Detective George was totally incredible. I don't find that.
>
> Clearly, there's a mistake in the paperwork. However, a mistake in the time in the paperwork by itself, this Court doesn't find that totally lends him to be incredible, [especially] when you have two factors: One, the Court looked [at] the incident report, which backs up what the detective said, that there are other officers from another jurisdiction, specifically Philadelphia, that were involved. I can understand the logistics as well as the issues

that might occur from two different detective divisions, and you have a transfer of documents and evidence from one to the other.

While the Philadelphia Police Department paperwork, the three property receipts in question, D-2, D-3 and D-4, they do say eight o'clock a.m. on May 1, 2019, the Court can see how the transfer, in talking to Detective George, when he said we got there [at] eight, it's not unfathomable that the Philadelphia Police Department couldn't have just taken that and put it on all their paperwork, because they're getting that from the other jurisdiction.

The defense didn't raise it without merit. But, if there was something else more, that might be a difference, but at some point there's nothing to deem, in this Court's view, to see the detective incredible, just because there's an hour and a half discrepancy on the warrants. For those reasons, I will deny the motion, and I will note your objections.

N.T., 9/20/22, at 35-37.

This Court is bound by the credibility determinations made by the lower court. **Cooley, supra**. Because Detective George explained the time discrepancy and testified that he had a valid warrant when conducting the search, and because the court believed him, we find that the record supports the trial court's findings. Accordingly, the court did not err in denying Appellant's suppression motion.

Appellant's second issue is a challenge to the sufficiency of the evidence as to his conviction for attempted murder of Richard Williams.

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 2011 PA Super 25, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that

- 6 -

of the fact finder. ***Commonwealth v. Hartzell***, 2009 PA Super 237, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

In ***Commonwealth v. Jackson***, 955 A.2d 441 (Pa. Super. 2008), a case addressing the sufficiency of the evidence to prove attempted murder, this Court stated:

> Under the Crimes Code, "[a] person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of the crime." 18 Pa.C.S.A. § 901(a). "A person may be convicted of attempted murder 'if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act.'" ***Commonwealth v. Dale***, 2003 PA Super 413, 836 A.2d 150, 152 (Pa. Super. 2003) (citation omitted). ***See*** 18 Pa.C.S.A. §§ 901, 2502. "The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime." ***Commonwealth v. Gilliam***, 273 Pa. Super. 586, 417 A.2d 1203, 1205 (1980). "The *mens rea* required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence." ***Commonwealth v. Schoff***, 2006 PA Super 307, 911 A.2d 147, 160 (Pa. Super. 2006). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts[.]" ***Commonwealth v. Gease***, 548 Pa. 165, 696 A.2d 130, 133 (1997).

***Jackson***, 955 A.2d at 444.

Here, Appellant maintains that the evidence was insufficient to support the conviction because the Commonwealth failed to prove specific intent. Appellant argues:

> Mr. Williams[] candidly admitted that he did not know why Appellant would shoot at him. The only reasonable inference is

then that Mr. Williams was not the target of the shooting and that Appellant lacked the requisite specific intent to kill him.

Appellant's Br. at 11.

Appellant appears to confuse motive with intent. Appellant is essentially arguing that because he had no good reason to shoot at Mr. Williams, he could not have meant to do it. However, motive is not an element of the crime of attempted murder, and the Commonwealth had no obligation to prove *why* Appellant would shoot at Mr. Williams. As to intent, the trial court stated the following about the sufficiency of the evidence:

> At trial, the Commonwealth played a video of the shooting in which Richard Williams identified the crime scene and identified the Defendant as the shooter in the video. Williams, in fact, testified as to several pertinent details from the video which corroborated his testimony regarding the circumstances surrounding the shooting.
>
> Ultimately, the jury found the Defendant guilty of the Attempted murders of both Richard Williams and Quamir Alexander. Criminal attempt is a specific intent crime. According to Williams' testimony at trial, the Defendant pointed a gun at him at one point during their argument over the car. That act alone may be sufficient to establish that this was an intentional act which was a substantial step towards the commission of murder and the specific intent to kill.
>
> Defendant fired a gun at Williams. Even though he suffered no injury, the jury found that Defendant took a substantial step toward causing Williams serious bodily injury. Defendant did shoot at Quamir Alexander, an innocent bystander who was near the convenience store at which the Defendant shot.

Tr. Ct. Op. at 10.

We agree with the trial court that the evidence presented was sufficient to prove that Appellant had the specific intent to kill because he intentionally

- 8 -

fired a gun at Mr. Williams after just previously pointing it at him. Thus, the evidence was sufficient to sustain Appellant's conviction of attempted murder of Richard Williams.

Appellant's final issue challenges the discretionary aspects of sentencing. As we have observed, "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." ***Commonwealth v. McLaine***, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted). Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***.

Here, Appellant filed a timely notice of appeal. ***See*** Notice, 8/25/23. He filed a post-sentence motion for reconsideration of sentence which raised this issue. ***See*** Motion, 4/3/23, at 2. He included a separate statement in his brief as to the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Pa.R.A.P. 2119(f). Appellant's Br. at 9. However, Appellant has failed to persuade us that he raised a substantial question.

A blanket claim of excessiveness, with no further allegations, does not create a qualifying substantial question for appellate review. ***Commonwealth v. Mouzon***, 812 A.2d 617, 620 (Pa. 2002). "Bald allegations of excessiveness" are not sufficient to create a substantial question because they do not identify the manner in which a sentencing provision or fundamental norm were violated. ***Id.*** at 627. Moreover, a specific reason as to why an excessive sentence is improper, beyond it simply being excessive, is needed to raise a substantial question. ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) appeal denied, 105 A.3d 736 (Pa. 2014); ***Com. v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008).

Here, Appellant argues that the court imposed a maximum consecutive sentence without calculating the sentencing guidelines for his conviction for firearms not to be carried without a license. Appellant's Br. at 9. He avers that the court's failure to consult the guidelines resulted in an excessive sentence. ***Id.*** at 12. Without more, Appellant does not raise a substantial question.

We note that the trial court had the opportunity to review Appellant's pre-sentence investigation report. "When a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." ***Commonwealth v. Baker***, 2013 PA Super 200, 72 A.3d 652, 663 (Pa. Super. 2013). Additionally, during the sentencing hearing, the court extensively explained on the record its reason for the sentence. NT., 3/24/23,

at 51-58. Accordingly, Appellant's claim has failed to invoke our jurisdiction to consider the discretionary aspects of his sentence. Since each of his claims fail, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2025